**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0253n.06**
**Filed: May 9, 2008**

**No. 07-1161**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**


| | | |
|---|---|---|
| **GEORGE LUIS DEJESUS**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **BLAINE C. LAFLER**, Warden | ) | **O P I N I O N** |
| | ) | |
| *Respondent-Appellee*. | ) | |


**BEFORE:    GUY, SUHRHEINRICH, and COLE, Circuit Judges.**

**R. GUY COLE, JR., Circuit Judge.**  On December 11, 1997, a Michigan jury found Petitioner-Appellant George Luis DeJesus and his brother Melvin DeJesus guilty of premeditated murder, felony murder, criminal sexual conduct in the first degree, and three counts of possession of a firearm during the commission of a felony.  The trial court vacated the first-degree murder conviction and one felony firearm conviction, then sentenced DeJesus to concurrent life terms for the murder and criminal sexual conduct convictions and two years each on the two felony firearm convictions.

On direct appeal, the Michigan Court of Appeals vacated DeJesus's criminal sexual conduct conviction and the related felony firearm conviction, and corrected the judgment to reflect one first-degree murder conviction supported by two theories and one count of felony firearm.  On May 31, 2000, the Michigan Supreme Court denied DeJesus's application for leave to appeal.

After exhausting his remaining remedies in state court, on April 26, 2004, DeJesus filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Michigan, raising various grounds for relief. On December 20, 2006, the district court issued an order denying the petition. *DeJesus v. Lafler*, No. 04-CV-71553-DT, 2006 WL 3759911 (E.D. Mich. Dec. 20, 2006).

A certificate of appealability was granted on the following five issues: (1) whether the state trial court deprived petitioner of his due process rights to a fair trial by permitting the prosecution to present a photograph of DeJesus holding two guns; (2) whether the state trial court deprived DeJesus of his due process rights to a fair trial by permitting the prosecution to present gruesome photographs of the victim; (3) whether the state prosecutor's repeated misconduct was so egregious that it wholly undermined the trial, rendered the verdict unreliable, and deprived DeJesus of due process and an impartial trial by jury as guaranteed by the Fifth and Fourteenth Amendments; (4) whether DeJesus was denied his constitutional right to due process when the trial court denied the motion for directed verdict on the ground that there was insufficient evidence to support the convictions; and (5) whether the Michigan state courts denied DeJesus due process by (A) refusing to provide available DNA biological samples for independent testing and (B) in failing to conduct a hearing with respect to a post-appeal expert forensic scientist's report disputing the State's evidence on the critical element of the murder charge, after refusing to appoint an expert at trial.

Having had the benefit of oral argument and after carefully considering the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in denying DeJesus's petition. Since the reasoning which supports the denial of the petition has been

aptly articulated by the district court, the issuance of a detailed written opinion by this Court would be unnecessarily duplicative and would serve no useful purpose. Accordingly, the decision of the Honorable George C. Steeh, district judge for the Eastern District of Michigan, is affirmed upon the grounds stated by that court in its Opinion and Order dated December 20, 2006.

In adopting the district court's opinion below, we note one minor caveat. Prior to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, the Supreme Court articulated two harmless-error standards. On direct review, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967). On collateral review, a more state-friendly standard prevailed: courts should consider an error to be harmless unless the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

As the district court recognized, DeJesus's grounds for relief were subject to harmless-error analysis. Applying the then-controlling decision of *Eddleman v. McKee*, 471 F.3d 576, 585 (6th Cir. 2005), the district court found that "[w]hen a state court has found an error to be harmless, a federal habeas court must apply the deference due under 28 U.S.C. § 2254(d) and ask whether the state court's harmless-error decision was contrary to, or an unreasonable application of, *Chapman*." *DeJesus*, 2006 WL 3759911, at *5.

However, while DeJesus's appeal was pending, the Supreme Court in *Fry v. Pliler*, 127 S.Ct. 2321 (2007), unanimously rejected this approach and specified the current test. The *Fry* Court held

that a federal habeas court "must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht*, whether or not the state appellate court recognized the error and reviewed it for harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in *Chapman*." *Id.* at 2328 (citations omitted). Accordingly, the proper inquiry at all times is to ask whether the constitutional violation "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 623 (quoting *Kotteakos*, 328 U.S. at 776).

Applying *Brecht*'s more state-deferential harmless-error standard, and for the reasons identified by the district court, we cannot say that DeJesus has raised any ground entitling him to relief. Accordingly, we **AFFIRM** the judgment rendered by the district court.